UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HORACE B. CUMMINGS,

    Plaintiff,

v.    Case No. 3:21-cv-443-MMH-MCR

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

    Defendants.
_____

# **ORDER**

Plaintiff Horace Cummings, an inmate of the Florida penal system, initiated this action on April 21, 2021, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Cummings names the Jacksonville Sheriff's Office (JSO), Sheriff Mike Williams, and Corizon as Defendants. Cummings asserts that he contracted Covid-19 while in the Duval County Jail as a result of Defendants' failure to take proper precautions to protect he and other inmates from the spread of the virus. Complaint at 3-5.[1] As relief, Cummings requests compensatory damages, court fees, and costs for paper, pens, an envelope, and copies. Id. at 5.

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such

deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, in § 1983 cases, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Cummings cannot sustain a cause of action against the Defendants.

## **Cummings's Allegations**

In the Complaint, Cummings alleges that from April of 2020 through March of 2021, Defendants had inadequate safeguards to prevent the spread of Covid-19. Complaint at 3-5. As a result, Cummings asserts that more than 400 inmates, including himself, contracted Covid-19. Id. at 4. According to Cummings:

> The Jacksonville Sheriff's Office failed to take the proper measure[s] to protect me and other inmates from catching the deadly virus. [Cummings] [w]ent to

3

> medical on or about June 18, 2020. [A] [d]octor bought [sic] the virus into the facility. [The] [d]octor was terminated.

Id. at 5. Cummings further alleges that "[m]edical or Corizon failed to read the EKG of my heart correct[ly] and ignored my grievance about an ear infection which really was a[n] infect[ion] from contracting the Covid-19." Id. As a result, Cummings contends that he now has heart troubles, shortness of breath, and memory and weight loss. Id.

## **Claims Against JSO**

Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida Sheriff's office. Id. Because JSO is not a legal entity amenable to suit, Cummings fails to state a § 1983 claim upon which relief may be granted against JSO and, therefore, JSO is due to be dismissed.

## Claims Against Sheriff Mike Williams

Cummings sues Williams in his official capacity only. Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the entity the officer represents. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Accordingly, Cummings's claim against Williams in his official capacity as Sheriff of Duval County is actually a claim against Duval County. As such, the Court considers Williams official capacity liability in the context of those cases discussing county and municipal liability under § 1983.

To the extent that Cummings seeks to hold Duval County through Williams vicariously liable for the actions or omissions of the employees responsible for Cummings's injury, Cummings has failed to state a claim upon which relief can be granted. The United States Supreme Court has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Instead, a county or municipality may be liable in a § 1983 action "only where the municipality _itself_ causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier, 402 F.3d at 1115 (citations omitted). Thus, a plaintiff

5

must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and

permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

In some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388-89 (alteration added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [County] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City

of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam).[2] Here, Cummings fails to allege the existence of any particular custom or policy in Duval County, much less one that caused the actions about which he complains. Accordingly, Cummings has failed to state a claim upon which relief can be granted; therefore, Williams is due to be dismissed from this action.

## Claims Against Corizon

Corizon contracted with the Duval County Jail to provide medical services to detainees and inmates within the pre-trial detention facility. Although Corizon is not a governmental entity, "[w]here a function which is traditionally the exclusive prerogative of the state … is performed by a private entity, state action is present" for purposes of § 1983. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted). Indeed,

> "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). "[L]iability under § 1983 may not be based on the doctrine of respondeat

---

[2] The Court notes that the Supreme Court, in dictum, has left open the possibility that "a need to train could be 'so obvious,'" that a city could be held liable even without a pattern of prior constitutional violations. See Gold, 151 F.3d at 1352 (citing City of Canton, 489 U.S. at 390). The Supreme Court offered the example of the need to train officers in the use of deadly force where the officers are provided firearms. City of Canton, 489 U.S. at 390 n.10. Because an "obvious need" claim "must be based on a 'particular glaring omission in a training regimen' and not merely on 'possible imperfections' in a training program," the Court finds that the record here does not contain evidence to sustain a failure to train claim based on this theory. See West v. Tillman, 496 F.3d 1321, 1331 n.16 (11th Cir. 2007) (quoting Gold, 151 F.3d at 1352).

superior." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

Craig v. Floyd Cty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011); see Denham v. Corizon Health, Inc., Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted), aff'd (11th Cir. Jan. 13, 2017).

Where a deliberate indifference medical claim is brought against an entity, such as Corizon, based upon its functional equivalence to a government entity, the assertion of a constitutional violation is merely the first hurdle in a plaintiff's case. This is so because liability for constitutional deprivations under § 1983 cannot be based on the theory of respondeat superior. Craig, 643 F.3d at 1310 (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc)); see Denno v. Sch. Bd. Of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000). Instead, a government entity may be liable in a § 1983 action "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier, 402 F.3d at 1116 (citations omitted). Thus, like claims against a county, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. Because

9

Corizon's liability under § 1983 would be based on its functional equivalence to the government entity responsible for providing medical care and services to Duval County Jail detainees and inmates, Cummings must plead that an official policy or a custom or practice of Corizon was the moving force behind the alleged federal constitutional violation.

Upon review, Cummings has neither identified an official Corizon policy of deliberate indifference nor an unofficial Corizon custom or practice that was "the moving force" behind any alleged constitutional violation. Corizon cannot be held liable based on any alleged conduct of or decisions by its employees simply because they were working under contract for Corizon to provide medical care in the Duval County Jail. Cummings's factual allegations relating solely to alleged individual failures in his medical care are simply insufficient to sustain a claim that there is either a policy to deny medical care to detainees or a practice or custom of denying adequate medical care, much less that the practice was so widespread that Corizon had notice of violations and made a "conscious choice" to disregard them. Gold, 151 F.3d at 1350. Thus, Cummings's § 1983 claim against Corizon is due to be dismissed.

In light of the above, it is

**ORDERED** that**:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of April, 2021.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-8

c: Horace B. Cummings #303027